UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

GLORIA AND SHAUN SWONGER,
KYLE BREY, MELISSA KAY HENRY
OSBORNE, BRYANT FREIRE on behalf
of themselves and all others similarly situated,      CASE NO.:

      Plaintiffs,      **CLASS ACTION COMPLAINT**

v.      **JURY TRIAL DEMANDED**

H&R BLOCK, INC.,
HRB TAX GROUP, INC., and
HRB TECHNOLOGY LLC,

      Defendants.

_____/

## CLASS ACTION COMPLAINT

Plaintiffs, Gloria and Shaun Swonger, Kyle Brey, Melissa Kay Henry Osborne and Bryant Freire, by and through undersigned counsel, on behalf of themselves and all other persons similarly situated, sues Defendants, H&R Block, Inc., HRB Tax Group, Inc. and HRB Technology, LLC (hereinafter collectively referred to as "Defendants" or "H&R Block") and for their Class Action Complaint alleges, upon information and belief and based on the investigation to date of their counsel, as follows:

### INTRODUCTION

1.    This is a nationwide class action on behalf of all persons in the United States against H&R Block Inc., and their subsidiaries in breach of contractual obligations, resulting in their erroneous and negligent preparation of 600,000 tax returns, with the result that tax refunds were delayed up to six weeks beyond the time when they would have been paid.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d) (diversity jurisdiction) and the Class Action Fairness Act, in that (i) there is complete diversity (Plaintiffs are citizens of Ohio, Pennsylvania, Texas and California and Defendants are domiciled and incorporated in a state other than these four states), (ii) the amount in controversy exceeds $5,000,000.00 (Five Million Dollars) exclusive of interests and costs, and (iii) there are 100 or more members of the proposed Class.

3. Defendants conduct substantial business in Ohio, including the sale, marketing and distribution of H&R Block tax services, and have sufficient contacts with Ohio or otherwise intentionally avails themselves of the laws and markets of Ohio, so as to sustain this Court's jurisdiction over Defendants.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391, *et seq.* because a substantial part of the events or omissions giving rise to this claim occurred in the state of Ohio and in this District, and Defendants are subject to personal jurisdiction in this District.

5. As a result of Defendants' commerce throughout Ohio, either directly or indirectly through third parties or related entities, the Defendants have benefitted from the laws of Ohio and profited from Ohio commerce.

6. Defendants conducted systematic and continuous business activities in and throughout the United States by selling H&R Block tax services throughout the United States, and otherwise intentionally availed themselves of markets in the United States through the promotion and marketing of their business.

## PARTIES

7. Plaintiffs Gloria and Shaun Swonger (herein "Plaintiffs"), at all relevant times hereto, are residents of 3125 Railroad St., Rock Creek, Ohio.

8. Plaintiff Kyle Brey, at all relevant times hereto, is a resident of 233 Ridge Street, Emmaus, Pennsylvania.

9. Plaintiff Melissa Kay Henry Osborne, at all relevant times hereto, is a resident of 119 S. Scurry Street, Gorman, Texas.

10. Plaintiff Bryant Freire, at all relevant times hereto, is a resident of 4101 Prima Way, Antelope, California.

11. Defendant H&R Block, Inc. is a corporation organized and existing under the laws of the State of Missouri, with its headquarters located in Kansas City, Missouri.

12. Defendant HRB Tax Group, Inc. is a corporation organized and existing under the laws of the State of Missouri with its headquarters located in Kansas City, Missouri. Defendant HRB Tax Group, Inc. does business under the assumed name of "H&R Block."

13. Defendant HRB Technology, LLC is a limited liability company organized and existing under the laws of the State of Missouri with its headquarters located in Kansas City, Missouri.

14. Defendants in their Client Service Agreement represent that "If we prepare your tax return(s), HRB Technology LLC ("HRBT"), an affiliate of HRB Tax Group Inc., will provide you technology services pursuant to this CSA" in order to facilitate e-filing and other tax preparation-related technology services (collectively "Facilitation Services") on your behalf."

**COMMON FACTUAL ALLEGATIONS**

15. Defendants are in the business of tax preparation services.

16. Defendants have developed, marketed and sold their tax preparation services and software with a "100% Satisfaction Money Back Guarantee."[1] The guarantee states in that "[i]f you are dissatisfied with the software for any reason within 60 days, H&R Block will refund the full purchase price you paid for H&R Block or its authorized reseller for the software."

17. Plaintiffs and all other putative Class Members were the direct beneficiaries of the guarantee and received and relied upon such guarantee made by Defendants.

18. H&R Block Technology improperly filled out, improperly transmitted (or both) IRS Form 8863 used to claim educational credits.

Form 8863 is used to claim tax credits for qualified expenses paid to postsecondary education institutions. There are two education credits: The American Opportunity credit, as well as the lifetime learning credit.

19. The IRS requires that Form 8863 be completely filled out. H&R Block left mandatory fields blank, resulting in widespread errors.

20. On information and belief, H&R Block failed to answer IRS form 8863 questions #22-26 with a "yes" or "no" response.

21. The error affected returns prepared by Defendants which included filing form 8863 before February 22, 2013.

22. The error affecting returns has delayed the tax returns of Plaintiffs and putative members beyond the 21 day turnaround represented by Defendants.[2]

---

[1] http://www.hrblock.com/why-hr-block/our-guarantees.html Last Retrieved 3/28/13.
[2] http://blogs.hrblock.com/2013/01/21/faq-when-can-i-file-my-2012-taxes-what-factors-affect-how-quickly-ill-receive-my-refund/ Last Retrieved 3/29/13.

4

23. H&R Block has confirmed its negligence in the preparation of forms filed before February 22, citing a change in the way the IRS processes certain yes or no questions on the form. It used to be an acceptable to leave a field blank to indicate "no," but now preparers must enter an "N."[3]

24. The IRS has stated that Defendants' tax-preparation software defect caused more than 600,000 returns prepared by Defendants to be filed incorrectly.

25. On information and belief, the tax software defect is limited to H&R Block.

26. On March 22, 2013, Bill Cobb, President and CEO of H&R Block issued the following statement pertaining to the faulty tax returns:

> Let me set the record straight about the Form 8863 issue that has affected you, our valued clients: we made a mistake when the tax return was sent to the IRS. And you deserve an apology, an explanation, and to know what we're doing about it.
>
> Here's what happened: this year's tax season started later than any in history (January 30th), followed by a further delay in form 8863 not being accepted until February 14. Not good for everyone. When the IRS began accepting the form, we immediately sent your returns, with the intention of getting you your refund as quickly as possible. In our zeal to move so quickly, we missed a step. Specifically there was a disconnect in the transmission of form 8863 from our delivery system to the IRS E-file system, and this caused the delay many of you are experiencing. We fixed the transmission issue right away, but couldn't undo it for those that had already been sent.
>
> I want to make it clear that this was absolutely not the fault of your tax professional; your return was prepared accurately. This was an issue with the form transmission. This was our mistake — and I sincerely apologize. I want you to know that we hear the frustration of those impacted by this issue loud and clear, and we're working every avenue we can to get your refund to you as fast as possible.

---

[3] http://consumerist.com/2013/03/12/irs-hr-block-causing-refund-delays-after-bungling-600000-tax-returns/ Last Retreived 3/28/13.

> We have been and remain in daily communication with the IRS, who are doing everything they can to speedily process all returns. We know that clients are beginning to see progress, funding dates are being communicated and refunds are definitely being funded. But we also recognize that in an already delayed season, it's still not as fast as we want, and we're not letting up until every client has his or her refund.
>
> We are also committing to more frequent and regular updates with you as we have news to share, and we know we can do a better job here too.
>
> Finally, I know an apology won't put your tax refund in your hands right away, and many of you still have questions. But right now, our singular focus is to get you that refund, and we have all hands on deck to help make this right.[4]

27. Defendants did not offer compensation to Plaintiffs or any putative class members for the tax preparation errors solely caused by the conduct of H&R Block and its subsidiaries.

28. All persons affected by this error suffered harm as a result, including, but not limited to: a delay in receiving tax return refunds, with the consequential loss of time value of money.

29. In reliance on the representation that Gloria and Shaun Swonger's tax return would be accurately prepared and filed, Plaintiffs used H&R Block software and had their return accepted on February 15, 2013.

30. Gloria and Shaun Swonger, Kyle Brey, Melissa Kay Henry Osborne, Bryant Freire as well as all Plaintiffs and putative class members have opted-out of H&R Block's arbitration provisions.

---

[4] http://blogs.hrblock.com/2013/03/22/a-message-from-ceo-bill-cobb-on-form-8863-delay/ Last Retrieved 3/28/13.

31. In reliance on the representation that Kyle Brey's tax return would be accurately prepared and filed, Plaintiff used H&R Block software and had his return filed on February 15, 2013.

32. In reliance on the representation that Melissa Kay Henry Osborne's tax return would be accurately prepared and filed, Plaintiff used H&R Block software and had her tax return filed on February 2, 2013.

33. In reliance on the representation that Bryant Freire's tax return would be accurately prepared and filed, Plaintiff used H&R Block software and had his tax return filed on January 25, 2013.

34. Plaintiffs' and putative class members' returns required IRS Form 8863.

35. Plaintiffs and the putative class members were entitled to a refund, which included the tax credit claimed on Form 8863.

36. Plaintiffs' and putative class members' returns were filed and transmitted prior to February 22, 2013.

37. Plaintiffs and putative class members paid for the tax preparation services of H&R Block and received incorrectly prepared tax returns as a result.

38. As a result of the errors and omissions set forth above, Plaintiffs' and putative class members' returns were improperly filed, transmitted, and subsequently any tax refunds were delayed.

**CLASS ACTION ALLEGATIONS**

39. Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23, and case law thereunder on behalf of themselves and all others similarly situated, with the Class defined as follows:

> All individuals in the United States who have opted-out of H&R Block arbitration, who had returns prepared for them by H&R Block Inc. or its subsidiaries and franchisees, for the year 2012, which included Form 8863, which was filed before February 22, 2013, and where H&R Block Inc. determined that the taxpayer was entitled to a refund.

Excluded from the Class are: (a) any Judge or Magistrate presiding over this action and members of their families; and (b) all persons who properly execute and file a timely request for exclusion from the Class.

40. *Numerosity*: The Class is composed of thousands of persons geographically dispersed throughout the State of Ohio and the United States, the joinder of whom in one action is impractical. Moreover, upon information and belief, the Class is ascertainable and identifiable from Defendants' records.

41. *Commonality*: The critical question of law and fact common to the Plaintiffs and the Class that will materially advance the litigation is whether Defendants erroneously and negligently prepared Form 8863 included with 600,000 tax returns prepared by Defendants, with the result that tax refunds were delayed up to six weeks beyond the time when they would have been paid.

42. Furthermore, other questions of law and fact common to the Class that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class include the following:

   a. Whether Defendants erroneously and negligently prepared Form 8863 included with 600,000 tax returns;

   b. Whether Defendants breached their contract with Plaintiffs and the members of the class;

   c. Whether the failure to accurately, correctly and completely fill out Form 8863 constituted a breach of contract;

8

      d.      Whether the failure to accurately, correctly and completely fill out Form 8863 was negligent; and

      e.      The appropriate relief.

43.    *Typicality*: Plaintiffs' claims are typical of the claims of the members of the Class, as all such claims arise out of Defendants' erroneous and negligent conduct with 600,000 tax returns, with the result that tax refunds were delayed up to six weeks beyond the time when they would have been paid. All of the claims are based on the same facts and legal theories.

44.    *Adequate Representation*: Plaintiffs will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiffs retained counsel experienced in the prosecution of complex class actions, including but not limited to consumer class actions.

45.    *Predominance and Superiority*: This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual class members be required to bring separate actions, this Court and/or courts throughout Ohio and throughout the United States would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## COUNT I
## NEGLIGENCE

46. Defendants erroneously and negligently completed and filed Form 8863 for the tax returns of putative class members throughout the United States.

47. Plaintiffs, individually, and on behalf of all others similarly situated, adopt and incorporate by reference all allegations contained above as if fully rewritten herein.

48. Defendants owed Plaintiffs and the members of the Class the duty to accurately and correctly prepare tax returns for Plaintiffs and the members of the Class including Form 8863.

49. As a direct and proximate result of Defendants' negligence, Plaintiffs and putative class members are not receiving their tax refunds before the 21 day turnaround as represented by Defendants.

50. As a direct and proximate result of Defendants' negligence, Plaintiffs and the Class have sustained damages, including the costs of suit, appropriate damages, and further relief that this Court deems proper.

## COUNT II
## BREACH OF CONTRACT

51. Plaintiffs, individually, and on behalf of all others similarly situated, adopts and incorporates by reference all allegations contained above as if fully rewritten herein.

52. Defendants breached their contracts for the preparation of tax returns by making the error described herein.

53. Plaintiffs and putative class members contracted with Defendants for the preparation of tax returns, so that any refunds available would be paid within 21 days of the IRS' acceptance of the tax returns.

54. All Plaintiffs and putative class members have been damaged similarly, if not identically, in that they have not received the value of the contract their bargained for (as provided in the Client Service Agreement; have not received refunds owed them as result of the faulty tax returns, and have not received any interested on the delayed refund monies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, prays for a judgment against Defendants as follows:

1. For an order certifying the Class, pursuant to Rule 23, appointing Plaintiffs as representative of the Class, and appointing the law firms representing Plaintiffs as counsel for the Class;

2. For compensatory damages, and all other damages allowable under the law, sustained by Plaintiffs and the Class;

6. For payment of costs of suit herein incurred;

7. For both pre-judgment and post-judgment interest at the maximum rate allowable at law on any amounts awarded;

8. For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and

9. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

By: /s/ *John A. Peca*
    John R. Climaco (0011456)
    John A. Peca (0011447)
    CLIMACO, WILCOX, PECA, TARANTINO &
    GAROFOLI CO., LPA
    55 Public Square, Suite 1950
    Cleveland, Ohio 44113
    Telephone: 216.621.8484
    Facsimile: 216.771.1632
    Email: jrclim@climacolaw.com
          japeca@climacolaw.com

Jordan L. Chaikin (To be admitted *Pro Hac Vice*)
PARKER WAICHMAN LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, Florida 34134
Telephone: 239.390.1000
Facsimile: 239.390.0055
Email: jchaikin@yourlawyer.com

Richard J. Arsenault (To be admitted *Pro Hac Vice*)
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71309
Telephone: (800) 256-1050
Facsimile: (318)561-2591
Email: rarsenault@nbalawfirm.com

Eric D. Holland (To be admitted *Pro Hac Vice*)
HOLLAND GROVES SCHNELLER
& STOLZE, LLC
300 North Tucker Boulevard, Ste. 801
St. Louis, Missouri 63101
Telephone: (314) 241-8111
Facsimile: (314) 241-5554
Email: eholland@allfela.com

Charles E. Schaffer (To be admitted *Pro Hac Vice*)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
      Email: cschaffer@lfsblaw.com

Mark John Geragos (To be admitted *Pro Hac Vice*)
Geragos and Geragos APC
644 South Figeuroa St
Los Angeles, CA 90017-3411
213 625-3900
Fax: 213 625-1600
Email: geragos@geragos.com

*Attorneys for Plaintiff*